**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

INTERNATIONAL PAINTERS AND ALLIED
TRADES INDUSTRY PENSION FUND, and
DANIEL R. WILLIAMS, *in his official
capacity as a fiduciary*,

    *Plaintiffs*,

    v.

3 R PAINTING, LLC and 3 R PAINTING
AND CONTRACTING CO., INC.,

    *Defendants*

Case No. 1:25-cv-02413-ABA

**MEMORANDUM OPINION**

Plaintiffs, International Painters and Allied Trades Industry Pension Fund ("the Fund") and Daniel R. Williams as a fiduciary of the Fund, filed suit against Defendant 3 R Painting, LLC and 3 R Painting and Contracting Co. ("3 R"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for the collection of withdrawal liability and additional statutory damages including interest, liquidated damages, and attorneys' fees and costs after Defendants allegedly withdrew completely from the Fund and failed to pay its withdrawal liability. ECF No. 1 ¶¶ 8–10. Defendants did not enter an appearance, respond to the complaint, or challenge the Clerk of Court's entry of default, which occurred on August 22, 2025. ECF Nos. 8, 10. Thereafter, Plaintiffs filed the pending motion for default judgment. ECF No. 12. Defendants also did not respond to the motion for default judgment. For the following reasons, the Court will grant the motion.

"When a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.

55(a). After entry of default, the court may enter a default judgment against the defendant. Fed. R. Civ. P. 55(b)(1)–(2). In considering a motion for default judgment, this Court accepts as true any well-pled factual allegations in the complaint regarding liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). After a plaintiff establishes liability, "the court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* "While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *Id.* (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010) (listing cases)).

Regarding liability, Plaintiffs allege that the Fund is a multiemployer pension plan governed by ERISA and that Defendants are former contributing employers to the Fund. ECF No. 1 ¶¶ 4, 8–9. Plaintiffs allege that Defendants were "obligated to report and submit contributions to the Fund for work performed by its employees," that Defendants failed to do so and "completely withdrew from the Fund within the meaning of 29 U.S.C. § 1383(a) during the 2023 plan year," and that Defendants owed withdrawal liability of $1,225,908, which they did not pay. *Id.* ¶¶ 9–12. Plaintiffs sent two demand letters to Defendants but received no responses. *Id.* ¶¶ 11–18. Plaintiffs allege that "[b]ecause of the failure to cure and make payment" Defendants are "in

'default' under 29 U.S.C. § 1399(c)(5)." *Id.* ¶ 20. Accepting these well-pled allegations as true, Plaintiffs have established liability.

Regarding damages, in addition to the principal withdrawal liability owed, Plaintiffs are entitled to interest, liquidated damages, and attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2); *Int'l Painters*, 919 F. Supp. 2d at 686. Pursuant to the Fund's plan, interest is calculated at a flat interest rate of 4% per annum. ECF Nos. 12-5 § 10.04(b); 12-6 ¶ 6. Total interest through September 12, 2025, equals $18,405.95 and has continued to accrue at $134.35 per day. *Id.* ¶¶ 9—10. Plaintiffs are also entitled to liquidated damages in "an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)." 29 U.S.C. § 1132(g)(2)(C). Here, the plan expressly provides for Plaintiffs to recover "[t]he greater of (i) a second award of interest as calculated under Section 10.04(b), or (ii) liquidated damages as calculated at 20% of each delinquent payment." ECF No. 12-5 § 10.04(c). Thus, Plaintiffs are entitled under 29 U.S.C. § 1132(g)(2)(C) and under the terms of the plan to liquidated damages of $251,181.60 (20% x $1,225,908).

Attorneys' fees are calculated using the lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In deciding whether the number of hours spent and the rate are reasonable, courts consider these twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the

> customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).

The Fund's counsel has established that their paralegal spent 5.9 hours at $210 per hour, and counsel spent 4.8 hours at $240 per hour, for a total of 10.7 hours and a fee of $2,391.00. ECF No. 12-7 ¶ 12. Plaintiffs also seek $585.00 in costs, which includes the fees to file and serve the complaint. *Id.* ¶ 17. Considering the factors listed above and the documentation provided by Plaintiffs, the Court concludes that the time spent and the rates applied are reasonable. The rates are also within the range provided in the "Guidelines Regarding Hourly Rates" in Appendix B of the Local Rules. The Court has reviewed counsel's billable hour reports and finds that the hours expended on this case were reasonable for the tasks listed therein. ECF No. 12-8.

As a result, the Court will grant Plaintiffs' motion for default judgment and award them the following amounts, with additional prejudgment interest accruing from September 12, 2025 through the date of this memorandum:

| | |
|---|---|
| Withdrawal Liability | $1,225,908.00 |
| Interest from April 28, 2025 through September 12, 2025 | $18,405.95 |
| Liquidated Damages | $245,181.60 |
| Attorneys' Fees | $2,391.00 |
| Costs | $585.00 |

**TOTAL**                                                 **$1,492,471.55**

A separate order follows.


Date:  April 8, 2026                        _____/s/_____
                                            Adam B. Abelson
                                            United States District Judge